IN THE UNITED STATES DISTRICT COURT
FOR THE WESERN DISTRICT OF TEXAS
(AT AUSTIN)

**FILED**

AUG - 7 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                      DEPUTY

| | |
|---|---|
| BROWNSVILLE EMERGENCY PHYSICIANS GROUP, LLC, STEPHEN MILLER, and HARRY STOKES §§§§§ | |
| Plaintiffs §§ | |
| Vs. §§§ | |
| BRENDAN WORTHINGTON, individually and d/b/a ATLAS IP HOLDINGS, LLC; §§§ | Civil Action No. A-14-cv-0568-SS |
| MICHELLE WORKINGTON; §§ | |
| DALTON MENIES, individually and d/b/a/ HAMILTON COMMODITIES GROUP, LLC; §§§§ | |
| TONYA MENZIES, individually and d/b/a HAMILTON COMMODITIES GROUP, LLC; §§§§ | |
| RALPH CROWELL, individually and d/b/a GLINES & RHODES, Inc.; §§§ | |
| MATTHEW COLE, individually and d/b/a THE LONG AND SHORT OF IT, LLC; §§§§ | |
| BRIAN LIGHT, individually and d/b/a PRECIOUS METALS AND GEMS/PMI REFINERS (PMG); §§§§ | |
| ALBERTO PAVAN, individually and d/b/a MULTIBUSINESS 360 SRL; §§§ | |
| FAUSTO CALETTI, individually and d/b/a JCG GLOBAL BUSINESS PARTNERS, LLC; §§§§ | |
| CALOGERO ENEA, individually and d/b/a JCG GLOBAL BUSINESS PARTNERS, LLC; §§§§ | |
| KARMY KAYS, individually and d/b/a JP MORGAN CHASE; §§ | |

-i-

Defendant DALTON MENZIES' Answer

JOHN ELIAS, individually                     §
and d/b/a JOHN L. ELIAS                       §
AND ASSOCIATES;                              §
                                             §
NASH NIMSONS,individually                    §
and d/b/a PLANWELL EUROPE                     §
LIMITED, and                                 §
                                             §
KAPIL KHURANA, individually                  §
and d/b/a BARCLAY"S BANK PLC.                 §
                                             §
            Defendants,                       §

---

## DEFENDANT DALTON MENZIES' ANSWER TO COMPLAINT

---

Defendant DALTON MENZIES' Answer

## TABLE OF CONTENTS

Table of Authorities...................................................... iv

Judicial Request......................................................... 1

Standard of Review ...................................................... 1

Statement of Facts Related to Defendant Dalton's Answer ................. 2

Defendant Dalton's Anwer to the Complaint .............................. 4

    A: Venue and Jurisdiction ......................................... 4

    B: Miller and Brendan violated the Federal Rules of Procedure by
       Their Entering into a Financial Investment Agreement while under
       the Authority of the United States Attorney General for Their
       Federal Criminal Convictions.  Miller was aware of Brendan's
       prior Fraud Conviction when He Entered into the Investment
       Agreement .......................................................... 9

    C: Plaintiff(s) have Not Met Their Obligation under Fed. R. Civ.
       P. Rule 12(b)(6) where Plaintiff(s) must Plead Enough Facts to
       Further Establish a Claim Against Defendant Dalton (personally)
       in Order to have Relief ........................................... 12

Summary of Defendant Dalton's Answer .................................... 16

Conclusion .............................................................. 19

Declaration ............................................................. 19

Certificate of Service .................................................. 20

## TABLE OF AUTHORITY

**United States Supreme Court:**

Ashcroft Vs. IqBal, 556 U.S. 662, 129 S. Ct. 1937, 1949 173
      L. Ed 2d 868 (2009) .................................... 12, 14

Bell Atl. Corp. Vs. Twombly, 550 U.S. 504, 570, 127 S. Ct.
      1955, 167 L. Ed. 2d 929 (2007) ............................ 12

Diamond Vs. Charles, 476 U.S. 54, 64-65, 106 S. Ct. 1697,
      90 L. Ed. 2d 48 (1986) ...................................... 5

**Fifth Circuit Court of Appeals:**

Advocard Int'l LP Vs. Horizon Labs,
      524 F. 3d 668, 679 (5th Cir, 2008) ......................... 7

Bacawajder Vs. Jacobs,
      220 F. 3d 586, 2000 WL 960065 (5th Cir, 2000) ............... 5

Bui Phu Xuan Vs. Fort Worth Star Telegram,
      277 Fed. Appx. 452, 2008 WL 1976630 (5th Cir, 2008) ........ 7

Burns Vs. Harris County Bail Bond Bd.,
      139 F. 3d 513, 518 (5th Cir, 1998) ......................... 8

Davis Vs. A.G. Edwards & Sons,
      823 F. 3d 105, 107 (5th Cir. 1987) ......................... 8

Jenson Vs. Snellings,
      841 F. 2d 600, 618 (5th Cir, 1988) ......................... 8

Jones Vs. Greninger,
      188 F. 3d 322, 324 (5th Cir. 1999) ........................ 12

Martin K. Eby Constr. Co. Vs. Dallas Are Rapid Transit,
      369 F. 3d 464, 467 (5th Cir, 2004) ........................ 12

Moore Vs. McDonalds,
      30 F. 3d 322, 324 (5th Cir. 1994) .......................... 8

Parker Vs. Blake,
      2008 U.S. Dist. LEXIS 66336, 2008 WL 4092070 (5th Cir. 2008). 7

**Sister Circuit Court of Appeals:**

Abdelsamed Vs. United States,
      No. 10-N-1774, 2002 U.S. Dist LEXIS 20452 (10th Cir, 2003)... 5

Air Trans Inc. Vs. U.S. Mead,
      389 F. 3d 594, 597 (6th Cir, 2004) ......................... 6

TABLE OF AUTHORITY — Cont.

Am. Postal Workers Union Vs. Ind. Postal Service of Amercia,
          481 F. 2d 90, 93 (6th Cir:, 1973)......................... 5, 7

Am Tel. & Tel. Co. Vs. M/V Cape Fear,
          967 F. 2d 864, 869 (3rd Cir:, 2007)..........................7

Barr Vs. Camelot Forest Conservation Assn.,
          153 F. Appx. 860, 862 (3rd Cir., 2005)................... 7, 16

Cok Vs. Cosentino,
          876 F. 2d 1, 1 (1st Cir:, 1989)............................... 5

Conn. Action Now, Inc. Vs. Roberts Plating Co.,
          457 F. 2d 81, 86-87 (2nd Cir: 1972).......................... 5

Federal Savings & Loans Ins. Corp. Vs. Reeves,
          816 F. 2d 130, 137-138 (4th Cir. 1987)...................... 6

Hamilton Vs. Bush,
          No. 04-5316, 2000 U.S. App. LEXIS 2070, 2006 WL 1114237
          (10th Cir: 1995)............................................. 6

Higgins Vs. Neal,
          52 F. 3d 337, 338 (10 Cir:, 1995).......................... 5

Mamer Vs. Collie Club of America, Inc.,
          229 F. 3d 1164, WL 1114237 (10th Cir., 2000)............ 5,  14

Three Rivers Ctr. for Ind. Living Vs. Hous. Authority,
          382 F. 3d 412, 430 (3rd Cir., 2004).................... 7,  16

**United States District Court:**

King Vs. Keller, No. 06-4001-SAC, 2006 U.S. Dist. LEXIS 35791,
          2006 WL 1517765 (D. Kan., May 30, 2006)...................... 6

Koreny Vs. Department of Sanitation,
          699 F. Supp. 368, 397 (E.D. NY, 1988).....................6, 16

Parker Vs. Blake,
          No. 08-164, 2008 U.S. Dist LEXIS 66336 2008 WL
          4092070 (W.D. LA, August 29, 2008).......................... 6

Walsh Vs. Krantz,
          No. 1-07-cv-0616, 2008 U.S. Dist. LEXIS 44204,
          2008 WL 2329130 (M.D. PA, June 4, 2008)...................... 6

**TABLE OF AUTHORITY – Cont.**

**Federal Statute:**

18 U.S.C. § 1343 ........................................... 4, 5, 6, 7, 16

18 U.S.C. § 1348 ........................................... 4, 5, 6, 7, 16

18 U.S.C. § 1349 ........................................... 4, 5, 6, 7, 16

18 U.S.C. § 1963 ........................................... 4, 5, 7, 16

28 U.S.C. § 1367 ........................................... 4, 7, 8, 16

28 U.S.C. § 1391(b)(2) ..................................... 4

**Federal Rules of Civil Procedure:**

Rule 8(a) ................................................. 1

Rule 8(a)(2) .............................................. 12, 15

Rule 8(b) ................................................. 1

Rule 8(b)(5) .............................................. 2

Rule 12(b)(6) ............................................. 12. 15

**Other Citations:**

Black Law Dictionary, Ninth Edition, 2009, Thomspn Reuters
        610 Opperman Drive, St Paul, MN 55123........................ 14

Federal Bureau of Prison Program Statement OPI: CPD/CSD Number 5270.09..... 10

Texas Civil Practice & Remedies Code § 16.0004 (Supp. 2000)................ 7

Title 28 – Judicial Adminstration – Subchaper V: Bureau of Prisons,
        Dept. of Justice, Subchapter C – Institution Management
        Part 540.14 ............................................. 10

        Part 540.45 ............................................. 10

## DEFENDANT DALTON MENZIES' ANSWER TO COMPLAINT

Now comes, DALTON MENZIES, (hereinafter "DALTON") appearing in a Pro'Se capacity pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Rule 8(b) in answering ("answer") to the Plaintiff(s)' Original Complaint ("Complaint")(See; Doc. 1) and the Amended Complaint (See; Doc. 6).

### I: JUDICIAL REQUEST

Due to the Pro'Se nature of this filing, DALTON respectfully requests that the Court provide a less stringent standard of review when examining DALTON's attempts at case citing, rules, and procedures, including the legal syntax; (See; Haines Vs. Kerner, 406 U.S. 519, 520 (1979).

### II: STANDARD OF REVIEW FOR PLEADING

Rule 8 of the Fed. R. Civ. P. governs the pleading of both the plaintiff(s) and the defendant(s) in a civil cause of action.  Among the rules for claims for relief (See; Rule 8(a)) are the requirements for a plaintiff(s) to declare in a short and plain statement, the grounds for the Court's jurisdiction in its pleading; (see; Rule 8(a)(1)).

In addition, Rule 8(b) requires that:

> (1).  "In General. In responding to a pleading, a party must:
> (A) state in short and plain terms its defense to each claim asserted against it; and
>
> (B) admit or deny the allegations asserted against it by an opposing party..." and
>
> (5).  "Lacking Knowledge or Information: A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the efect of a denial."
> (See; Birl Vs. Estelle, 660 F. 2d 592, 593 (5th Cir. 1981); Martinez Vs. Bally's Louisana, Inc., 244 F. 3d 474, 476 (5th Cir. 2001)).

### III: STATEMENT OF FACT RELATED TO DEFENDANT
### DALTON'S ANSWER

1). DALTON has been in continuous custody of the Federal Bureau of Prisons
(the "BOP") since December 9, 2004; (See; Exhibit A, p. 1 at Jail Credit)
(Exhibit A, p. 2 at Date Sentenced - November 1, 2005) and (Exhibit A,
p. 3 at Statutory Release Date Projected: May 24, 2015).

2). Brendan Worthington, ("BRENDAN") was convicted of a fraud-type violation
of Federal criminal statute.  BRENDAN served a term of imprisonment
beginning on or about 2005.

3). Stephen Miller ("MILLER") was convicted and sentenced [before this Court]
United States District Court for the Northern District of Texas for the
violation of 26 U.S.C. § 7201 (i.e., Tax Evasion).  MILLER served a term
of forty-six (46) months beginning in September of 2006 and a term of
supervised release thereafter; (See; Exhibit B).

4). Tonya Menzies ("TONYA") made an initial filing with the Texas Secretary
of State to form Hamilton Commodities Group, LLC ("HAMILTON"), and LLC.,
on July 25, 2008; (See; Exhibit C, pp. 1-3).  In this filing, TONYA
(Managing Member 1) is listed as the sole "governing person" of the LLC;
(See; Exhibit C, at p. 2).   TONYA subsequently filed Hamilton's Texas
Franchise Tax Returns for 2009 and 2010; (See; Exhibit C, pp. 4 & 5) and
executed said tax returns as the "President."  The Texas's Secretary of
State issued a Forteiture Notice under section 171.302 to forfeit the
charter, certificate, and registration of TONYA's company on January 28,
2011; (See; Exhibit c, p. 6).

5). Michelle Worthington ("MICHELLE") made an initial filing with the Texas
Secretary of State to form Atlas IP Holding, LLC ("ATLAS"), a domestic
limited liability company (an "LLC") on November 19, 2009; (See; Exhibit

D, pp. 1-3).   In this filing [**both**] MICHELLE (Managing Member 1) and BRENDAN (Managing Member 2) are listed as the legally joint "governing persons" of the LLC; (See; Exhibit D, p. 2).   MICHELLE subsequently filed Texas Franschise Tax Returns for 2010 and 2012; (See; Exhibit D, pp. 4-5). MICHELLE signed said tax return as a [partner] in the LLC.   No return was filed in 2011.   The Texas Secretary of State issued a Forfeiture Notice under section 171.302 to forfeit the charter, certificate, and registration of MICHELLE and BRENDAN's company, i.e., ATLAS on July 17, 2012; (See; Exhibit D, p. 6).

6).   Both MILLER and BRENDAN were in the custody of the United States Department of Justice and incarcerated together for a period of approximately 3 years at the Federal Bureau of Prisons' F.C.I. Beaumont Unit located in Beaument, Texas.

### IV: DEFENDANT DALTON'S ANSWER TO THE COMPLAINT.

#### A: VENUE AND JURISDICTION:

7.   Defendant DALTON **admits** that the District Court is the [proper venue] for the civil complaint concerning the subject matter under 28 U.S.C. §1391(b)(2); (See; Complaint, Doc. 1, p. 3 at ¶1, and Doc. 6, same).

8.   Defendant DALTON **denies**, however, that the District Court has [jurisdiction] over the subject matter for the following reasons on the basis of law or fact:

9.   In BROWNSVILLE EMERGENCY PHYSICIANS GROUP, LLC. and STEPHEN MILLER's ("MILLER") Complaint, the plaitiff(s) allege that BRENDAN WORTHINGTON, individually and operating as a d/b/a under ALTAS IP HOLDING, LLC. ("BRENDAN and ALTAS, respectfully) had approached, solicted a business plan, and entered into an Investment Agreement with MILLER for an investment in Raw Gold; (See; Complaint, Doc. 1, at ¶32-34 and Doc. 6, same).

10.   Plaintiff(s) also alleges that BRENDAN'S solicitation was done with "malice aforethought" because the investment opportunity was, in reality, only a way for "[A]tlas with the intent and for the sole purpose to defraud MILLER of $615,000 and to do the same to other investors similarily situated;" (See; Complaint, Doc. 1, at ¶48 and Doc. 6 at ¶53).

11.   Plaintiff(s) seeks relief in the form of an injunction against defendant JCG GLOBAL BUSINESS PARTNERS, LLC. ("JCG"), various civil monetary remedies, and also **criminal penalties** under 18 U.S.C. § 1963 concerning these allegations; (See; Complaint, Doc. 1 at ¶16 and Doc. 6 at ¶17).

12.   Plaintiff(s) Complaint confers jurisdiction by stating that:

>     2.   "[T]his Court has jurisdiction of Federal claims pleaded under 18 U.S.C. § 1343, and 18 U.S.C. § 1348 and 1349."

>     3.   "[T]his Court has jurisdiction of Federal claims pleaded under 18 U.S.C. §1963, and supplemental jurisdiction over state law and common law claims pursuant to 28 U.S.C. § 1367." (See; Complaint, Doc. 1 at ¶2 & 3 and Doc. 6, same)

-4-

13.    However, "[A] private party has [NO] right to enforce criminal statute;"
(See; Bacawajder Vs. Jacobs, 220 F. 3d 586, 2000 WL 960065 at *1 (5th Cir. 2000)
(citations omitted and emphasis and underline added); accord Diamond Vs. Charles,
                                                            -1-
476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986).  Thus, plaintiff(s)'
"conclusory allegations" that a defendant(s) violated a criminal statute are
"[i]nsufficient for the purposes of stating a claim on which relief may be
granted;" (See; Mamer Vs. Collie Club of America, Inc., 229 F. 3d 1164, 2000 WL
1114237 at *2 (10th Cir. 2000).

14.    Plaintiff(s) [DO NOT] have standing to institute criminal proceedings
through a civil cause of action.  Any criminal statutes used to establish the
claim(s) in the Complaint(s), which seeks both criminal sanctions (18 U.S.C. §
1963) and civil remedies must be dismissed on the basis of law or fact; (See;
Abdelsamed Vs. United States, No. 01-N-1774, 2002 U.S. Dist. LEXIS 20452); aff'd
80 Fed. Appx. 90, 2003 WL 22464005 (10th Cir. 2003).

15.    Furthermore, to the extent that plaintiff(s) are seeking damages and other
civil remedies based on BRENDAN's and/or ATLAS's alleged violation of 18 U.S.C.
§ 1343, 18 U.S.C. § 1348 and § 1349, or 18 U.S.C. § 1963, they:

---

Footnote 1:   See also Cok Vs. Cosentino, 876 F. 2d 1, 1 (1st Cir. 1989)("[A]
              private citizen has no authority to initiate a federal criminal
              prosecution."); Mamer Vs. Collie Club of Am., Inc., 229 F. 3d 1164,
              1164 (10th Cir. 2000)("[P]rivate citizens cannot prosecute criminal
              actions."); Higgins Vs. Neal, 52 F. 3d 337, 337 (10th Cir. 1995)
              ("[C]ourts universally endorse the principle that private citizens
              cannot prosecute criminal actions."); Am Postal Workers Union Vs.
              Ind. Postal Systems of America, Inc. 481 F. 2d 90, 93 (6th Cir.
              1973)("[T]here exists a firmly established principle that criminal
              statutes can only be enforced by the proper authorities of the United
              States Government and a private party has no right to enforce these
              sanctions."); and Conn. Action Now, Inc. Vs. Roberts Plating Co., 457
              F. 2d 81, 86-87 (2nd Cir. 1972)("[I]t is truism, and has been for
              decades, that in our federal system crimes are always prosecuted by
              the Federal Government, not as has sometimes been done in Anglo-
              American jurisdictions by private complaints.")

"[p]resent no authority finding an implied private cause of action...
the cited criminal statute []. The [statutes are] singularly criminal
in nature and offer(s) nothing from which to infer an available civil
remedy. The Supreme Court has cautioned against entertaining private
causes of action based on '[a] bare criminal statute, with absolutely
no indiction that civil enforcement of any kind was available to
anyone;'" (See; King Vs. Keller, No. 06-4001-SAC, 2006 U.S. Dist. LEXIS
35791, 2006 WL 1517765, at *6 (D. Kan., May 30, 2006); aff'd 211 Fed.
Appx. 764, 2007 WL 39208 (10th Cir. 2007)(quoting Cort Vs. Ash, 422
U.S. 66, 80, 95 S. Ct. 2080, 45 L. Ed. 2d 26 (1975)(additional internal
quotation omitted); accord Walsh Vs. Krantz, No. 1-07-cv-0616, 2008
U.S. Dist. LEXUS 44204, 2008 WL 2329130, at *4 (M.D. PA., June 4, 2008).

16.    Thus, "[f]ederal courts have generally refused to recoginize private causes

of action derived from criminal statutes;" (See; Koreny Vs. Department of Sanita-

tion, 699 F. Supp. 368, 397 (E.D. NY., 1988)(citation omitted); Hamrick Vs. Bush,

No. 04-5316, 2000 U.S. App. LEXIS 2070, 2006 WL 1524593, at *1 (D.C. Cir. 2006);

Air Trans Inc. Vs. U.S. Mead, 389 F. 3d 594, 597 N.1 (6th Cir. 2004); Federal Sav.

& Loan Ins. Corp., Vs. Reeves, 816 F. 2d 130, 137-38 (4th Cir. 1987); and Parker

Vs. Blake, No. 08-164, 2008 U.S. Dist. LEXIS 66336, 2008 WL 4092070, at *3 (W.D.

LA., August 29, 2008)(Trimble, J).

17.    Further, DALTON contends plaintiff(s) maintain the claims premised on

the following criminal statutes:

| STATUTE | CRIMINAL VIOLATION | COMPLAINT's CITINGS |
|---------|-------------------|---------------------|
| 18 U.S.C. §1343 | Wire Fraud | ¶51 |
| 18 U.S.C. §1348 | Secutities & Comm. Fraud | ¶56-58 & ¶69-71 |
| 18 U.S.C. §1349 | Attempt & Comspiracy | ¶52-55 & ¶59-60 |
| 18 U.S.C. §1963 | Criminal Penalties | ¶61-67 & 68 |

*Jurisdiction citation under ¶2 & ¶3 of Complaint, Doc. 1 and Doc. 6
same.

As stated, "[a] private party has [NO] right to enforce criminal statute;"

(See; Jacobs, supra at ¶13); nor, do the criminal statutes at issue for jurisdic-

tion provide for a private right of enforcement; (See; Three Rives Ctr. for Ind.

-6-

Living Vs. Hous. Auth., 382 F. 3d 412, 430 (3rd Cir. 2004)("[A] court must look
to the text of the statute to see if it states, by its terms, that a private party
may bring suit to enforce it"); Barr Vs. Camelot Forest Conservation Ass'n, 153 F.
Appx. 860, 862 (3rd Cir. 2005)(affirming the dismissal of the federal criminal
statutes claims because the statute in question "[a]re not criminal offenses for
which there is no civil remedy, and therefore [plaintiff] lacks standing to bring
them."). −2−

18.   Accordingly, plaintiff(s)' allegations that defendant(s) violated 18 U.S.C.
§1343, 18 U.S.C. §1348, 18 U.S.C. §1349, and 18 U.S.C. §1963 should be dismissed
with prejudice as legally frivolous;  (See; Bui Phu Xuan Vs. Fort Worth Star-
Telegram, 277 Fed. Appx. 452, 2008 WL 1976630, at *1,3 (5th Cir. 2008); Parker
2008 U.S. Dist. LEXIS 66336, 2008 WL 4092070, at *3 (5th Cir. 2008).

19.   Lastly, plaintiff(s) have also cited 28 U.S.C. § 1367 for the Court's juris-
diction.  This supplemental jurisdiction over [state law] and [common law fraud]
claims is without merit.  Plaitiff(s) allegation(s) are based upon a breach of
fiduciary duty or fraud commmited by BRENDAN.  However, under Texas Civil Practice
& Remedies Code § 16.004 (Supp. 2000), a four-year statute of limitations applies;
(See; e.g., Advocard Int'l LP Vs. Horizon Labs, Inc., 524 F. 3d 679 at 670 (5th
Cir. 2008).

20.   MILLER asserted that he entered into an "Investment Agreement" in May of
2009 with BRENDAN.  This agreement required MILLER to make a $515,000 investment;
(See; Complaint, Doc. 1 at ¶34 and Doc. 6 at ¶35).  MILLER stated that [this]

Footnote 2:  See also Am. Tel. & Tel. Co. Vs. M/V Cape Fear, 967 F. 2d 864, 869
(3rd Cir. 1992)("[C]ongress punishes breaches of duties embedded
in criminal statutes, but punishment does not require implication
of a private enforcement remedy in every instances."); Am Postal
Workers Union Vs. Ind. Postal Sys of Am., 481 F. 2d 90, 93 (6th
Cir. 1973)("[T]he general rule is that a private right of action is
not maintainable under a criminal statute.").

funding was completed in November of 2009; (See; Complaint, Doc. 1 at ¶35).

21.   MILLER filed the civil action on June 18, 2014.  Thereby, in order to have jurisdiction, the alleged fraud or brach of fiduciary duty mut have occurred between June 18, 2010 and June 18, 2014 under Texas state law.  MILLER asserted that BRENDAN had provided him two "assay statements" - one in "August of 2009" and one in "January of 2010."  MILLER then asserted that the "[m]issing assay statements [**ALARMED**] MILLER; (See; Complaint, Doc. 6 at ¶36 and Doc. 6, same).

22.   Under Federal law, the general accural rule is that "[a] cause of action accrues when the plaintiff(s) is in possession of the critical facts and knows or has reason to know of the injury which is the basis of the action;" (See; <u>Moore Vs. McDonald</u>, 30 F. 3d 616, 620-21 (5th Cir. 1994); <u>Burns Vs. Harris County Bail Bond Bd.</u>, 139 F. 3d 513, 518 (5th Cir. 1998); and <u>Jenson Vs. Snellings</u>, 841 F. 2d 600, 618 (5th Cir. 1988)("under Federal law, the limitations period commences when '[t]he aggrieved party has either knowledge of the violation or **notice of facts** which, in the exercise of due ligigence, would have led to actual knowledge there-of;" (quoting <u>Davis Vs. A.G. Edwards & Sons</u>, 823 F. 2d 105, 107 (5th Cir. 1987).

23.   MILLER knew or should have known as late as January of 2010 that BRENDAN or ATLAS was not complying with either the "Business Plan" and/or the "Investment Agreement" by not providing assay statements.  This knowledle asserted by MILLER (See; Complaint, Doc. 1 at ¶36 and Doc. 6, same) was at least four years and six months (4 years and 6 months) **before** Plaintiff(s) filed a cause of action.  Thereby the District Court does not have jurisdiction under 28 U.S.C. §1367 for supplemental jurisdiction over [state law] - **and** - [common law fraud] and the action **must** be dismissed with prejudice.  28 U.S.C. § 1367 does not hold that jurisdiction is conferred in regards to [state law] - **or** - [common law fraud].  Both are joined together as a whole for the purposes of reviewing claims under [state law].

B:  MILLER AND BRENDAN VIOLATED THE FEDERAL RULES OF PROCEDURE BY THEIR
ENTERING INTO A FINANCIAL INVESTMENT AGREEMENT WHILE UNDER THE
AUTHORITY OF THE UNITED STATES ATTORNEY GENERAL FOR THEIR FEDERAL
CONVICTIONS.  MILLER WAS AWARE OF BRENDAN'S PRIOR FRAUD CONVICTION
WHEN HE ENTERED INTO THE INVESSTMENT AGREEMENT.

24).     Under contractual law, a party has a right to expect the terms under

the contract will be honored by all parties.  A party also has the right to

negotiate, agree to, and execute a legally binding contract.  However, there

are circumstances under which a party [DOES NOT] have a right to enter into

[ANY] legally binding contract – e.g., A minor child under eighteen (18) years

of age; a person who has been declared mentally incompetent; etc.

25).     Thus, in the case at bar presently, the Complaint stated that "BRENDAN

approach MILLER" and that "MILLER first met BRENDAN in March of 2009;"  (See;

Complaint, Doc. 1, at ¶32 and Doc. 6, same).  **This statement is false and is

mis–leading.**  As stated, BRENDAN was convicted and sentence for violations of

Federal criminal statute for fraud-type offenses on or about 2005.  Also, MILLER

was convicted and sentenced (by this Court) to a term of imprisonment of forty–six

(46) months for tax evasion in 2006; (See; Exhibit B).  Both BRENDAN and MILLER

were incarcerated together at the BOP's FCI Beaumont Correctional Institution

for approximately three (3) years.  By virtue of prison life (close proximity

of living quarters, common dining hall, rotating work details, recreation activity,

family visitations facitlities), it would be reasonable to believe, and easy for

witnesses to corroborate, that during their three (3) years at FCI Beaumont

together, they became acquaintances and friends far before the March 2009 cited

by MILLER.

26).     When a defendant is convicted of a Federal criminal violation of law,

the defendant loses his right to "[c]onduct a business," or enter into, or in

"[d]irecting an investment transaction without BOP staff written authorization;

(See; Title 28 – Judicial Administration – Chapter V; Bureau of Prisons, Dept.
of Justice – Subchapter C – Institutional Management) where it states under

> PART 540.14.  Contract with Persons, Subpart B:
>
> (4) "[D]irection of an inmate's business (See; §541.13, Prohibited
>     Acts No. 408).  An inmate, unless a pre-trial detainee, **may not**
>     direct a business while confined;"
>
> PART 540.45.  Qualifications:
>
> (a) "[E]xcept for pre-trail inmates, an inmate is **not** permitted to
>     engage actively in a business or profession.  An inmate who was
>     engaged in a business or profession prior to commitment **must**
>     assign authority for the operation of such business or profession
>     to a person of the community;" and
>
> **B.O.P. PROGRAM STATEMENT OPI: CPD/CSB NUMBER 5270.09.**
> #334).  Conducting a Business:
>     "[P]rohibited acts include conducting or directing an **investment
>     transaction** without staff authorization."
>     (Emphasis and underline added)

27).    Thereby, when MILLER, acting on behalf of BROWNSVILLE EMERGENCY PHYSI-

CIANS GROUP, LLC and MILLER's Children Trust Acacia Properties (See; Complaint,

Doc. 1, at ¶34 and Doc. 6, ¶35), and BRENDAN entered into the investment trans-

action [**without**] the right to do so, based on the fact that both individuals

were under the authority of the United States Attorney General either by being

incarcerated directly or under the supervision of the United States Probation

Office.  Both require, by law, that these supervision authorities give written

consent for allowing the party(s) to execuste a legally binding contract.

28).    Without written consent from the supervising authority (i.e., the BOP

staff's case manager, warden, etc; or the Probation Officer), not only [**DID**]

MILLER and BRENDANT lack standing to enter into a legally binding contract; but,

now, plaintiff(s) lack standing to back an action for remedy because the contract

in question is, "Void AB Initio"  and the provisions for remedy declared moot

on the basis of law or fact.  In addition, both MILLER and BRENDAN as "convicted

felons" are not permitted to have contact, associate, or conduct a business type

transaction under the conditions of their supervised release without written permission from their Probation Officer.

29).   MILLER asserted that he became "ALARMED" (See; paragraph 21, supra) when BRENDAN failed to provide the necessary "assay statements."  However, MILLER knew that BRENDAN was a fraudster and a convicted felow **[BEFORE]** he had entered into the "Investment Agreement" in May of 2009; (See; Complaint, Doc. 1, at ¶34 and Doc. 6, same).  MILLER, who should have been hyper-vigilant in his dealings with BRENDAN, and failing to exercise **[ANY]** due diligence, foreclosed his right to cry foul some five (5) years later in the filing of this cause of action on July 3, 2014.

C:      **PLAINTIFF(S) HAVE NOT MET THEIR OBLIGATIONS UNDER FED. R. CIV. P. RULE 12(b)(6) WHERE PLAINTIFF(S) MUST PLEAD ENOUGH FACTS TO FURTHER ESTABLISH A CLAIM AGAINST DEFENDANT DALTON (PERSONALLY) IN ORDER TO HAVE RELIEF.**

<u>30</u>).     Beyond the lack of jurisdiction cited above, plaintiff(s) have not

met their obligation under Fed. R. Civ. P. Rule 12(b)(6) in order to obtain

relief.  Under Rule 12(b)(6), the "[c]ourt accepts '[a]ll well-pleaded **<u>facts</u>**

as true' viewing them in the light most favorable to the plaintiffs; (See;

<u>Martin K. Eby Constr. Co. Vs. Dallas Area Rapid Transit</u>, 369 F. 3d 464, 467

(5th Cir., 2004)(quoting <u>Jones Vs. Grenenger</u>, 188 F. 3d 322, 324 (5th Cir.,

1999)).  To comply with Rule 12(b)(6), plaintiff(s) **<u>must</u>** plead "[e]nough fact

to state a claim for relief that is plausible on its face;" (See; <u>Bell Atl.</u>

<u>Corp. Vs. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007).  That "[d]emands more than an unadorned, the defendant-unlawfully-

harmed-me-accusation;"  (See; <u>Ashcroft Vs. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937

173 L. Ed. 2d 868 (2009).  "[F]actual allegations **<u>must</u>** be enough to raise a right

to relief above the speculative level, on the assumption that all the allegations

in the complaint are true (even if doubtful in fact);"  (See; <u>Twombly</u>, 550

U.S. at 555)(citation and footnote omitted).  "[A] claim has facial plausibility

when the plaintiff plead **<u>factual content</u>** that allows the Court to draw the

reasonable inference that the defendant is liable for the misconduct alleged;

(See; <u>Iqbal</u>, 129 S. Ct. at 1949)(emphasis and underline added).  It therefore

follows that mere allegations do not permit the court to infer more than the

possibility of misconduct of a defendant as alleged in the Complaint; but, it

has not "[s]hown" - "[t]hat the pleader is entitled to relief because the

defendant is **[<u>NOT</u>]** liable;  (See; Id. at 1950)(Quoting Fed. R. Civ. P. Rule 8).

<u>31</u>).     With the above cited legal background, plaintiff(s) have ot demonstrated

or established a factual claim for relief with reference to defendant DALTON

for the following reasons: The Complaint alleged these facts:

    1).  "[Defendant HAMILTON COMMIDITY GROUP, LLC (HAMILTON) is registered in Texas and a commodity contracts broker/dealer for ATLAS;"
       (See;  Complaint, Doc. 1 at ¶7 and Doc. 6, same)

    2).  "[D]efendant DALTON MENZIES (DALTON) is a **principal** of HAMILTON;"
       (See; Complaint, Doc. 1 at ¶8, Doc. 6, same)

    3).  "[H]AMILTON forwarded MILLER an account summary which detailed an investment account of $712,633.50 and purported initial funding investments from multiple investors;" and
       (See; Complaint, Doc. 1, at ¶37 and Doc. 6 at ¶38)

    4).  "[S]ometime in 2011 defendant [] DALTON woulnd-up HAMILTON and closed its doors.  HAMILTON has since been incommunicado."
       (See; Complaint, Doc. 1, at ¶44 and Doc. 6 at ¶48)

32).    In the sixteen (16) pages of the Original Complaint and in the twenty (20) pages of the Amended Complaint, these are the only alleged factual claims made of HAMILTON and/or DALTON – three of HAMILTON and two of DALTON.  These claims [**DO NOT**] allege any violations of law; nor, do they establish any fraud on the part of either HAMILTON, or, in particular – DALTON personally (as an individual).

33).    In addition, MILLER alleged that it was BRENDAN who preferred that once the "assayed gold" was released it would be transferred to HAMILTON; (See; Amended Complaint, Doc. 6 at ¶33).  MILLER [**DOES NOT**] allege that HAMILTON had provided him with that scenario.  In fact, it was "[A]TLAS that forwarded MILLER a model scenario to further delineate how the investment was to be managed;" [**NOT**] – HAMILTON or DALTON (Individually)(See; Amended Complaint, Doc. 6 at ¶33).

34).    Beyond the fact that plaintiff(s) [**DO NOT**] provide evidence that HAMILTON violated any laws or allegedly committed any fraud, is the reality that
-3-
DALTON (Individually) was [**NOT**] a principal, owner, shareholder, or director of HAMILTON – at any time.  In evidence to that fact, the Texas Secretary of State publice records reveals that DALTON was [**NOT**] engaged with HAMILTON as the

plaintiff(s) falsely content in their Complaint(s); (See; Exhibit C, pp. 1-3 also see; paragraph four, supra).

35).    In addition, in HAMILTON's filings of the Texas Franchise Tax Return, they only contain the name and signature of TONYA - not those of DALTON;  (See; Exhibit C, pp. 4&5) and paragraph four, supra).  In fact, plaintiff(s) merely allege that DALTON was a principal of HAMILTON; (See; Complaint, Doc. 1 at ¶8 and Doc. 6, same).  However, plaintiff(s) have failed to present a factual claim for which either liablilty and/or relief could be provided; (See; Collie Club of America, Inc., supra, at ¶13)("[c]onclusory allegations" that a defendant(s) violated a criminal statute are "[i]nsufficient for the purposes of stating a claim on which relief may be granted").  Plaintiff provided no record evidence that DALTON (individually) was ever a "principal" or otherwise, in any capacity, concerning HAMILTON (e.g., signer or co-signer of bank accounts, contracts, official documents, company correspondences, letters, faxes, emails, etc.).

36).    The plaintiff(s) have even conceded in their filing(s) that:

> "[B]rendan  never accepted responsibility for the loss of funding
> investment and blamed - "[TONYA];"
> (See; Amended Complaint, Doc. 6 at ¶49 (emphasis added)

As stated, in Iqbar, supra, the Court determined that "[a] claim has factual plausibility when plaintiff plead factual content that allows the Court to draw the reasonable inference that the defendant (e.g., DALTON) is liable for the misconduct alleged;"  (emphasis and defendant's name added).

37).    Plaintiff(s) have failed to provide factual content that DALTON (individually) is liable for any misconduct of others on the basis that DALTON was [**NOT**] a "principal" of HAMILTON and has [**NOT**] been "blamed" for the misconduct of

Footnote 3:  According to Black's Law Dictionary, the term "principal" has
            the legal definition of: a person elected or appointed by the
            board of directors, or by the managing member, such as CEO,
            President, Secretary, Treasurer, etc.

-14-

of others; i.e., BRENDAN and TONYA.   In fact, factual evidence demonstrates that DALTON has been in continuance custody of the BOP long before ATLAS or HAMILTON was formed and has remained in continuance custody long after both ATLAS and HAMILTON were dissolved;  (See; Exhibit A, also see; paragraph one, supra).

<u>38</u>).   Because the pleader has not "shown" – that DALTON (individually) is liable, by not being able to bring a factual claim thereof, pleader is not entitled to relief from DALTON; (See; Fed. R. Civ. P. Rule 8(A)(2).   Thereby, the plaintiff(s) allegations that DALTON (individually) is liable is [**WITHOUT**] merit on the basis of law or fact.

## V: SUMMARY OF DEFENDANT DALTON'S ANSWER

<u>39</u>).   The plaintiff(s) have brought a cause of action in Federal court citing
--4--
Federal criminal statutes violations  to support their cause.  Further, the

plaintiff(s) have asserted that these alleged violations allow for criminal

penalties under 18 U.S.C. § 1367. As stated, "[f]ederal courts have generally

refused to recognize private actions derived from criminal statutes;" (See;

<u>Koreny</u>, <u>supra</u>, at ¶16).  In fact, the criminal statutes and their cited penalties

at issue for jurisdiction, provide [<u>**NO**</u>] private right of enforcement; (See; <u>Hous.</u>

<u>Auth</u>, <u>supra</u>, at ¶16 above).  Lastly, In <u>Barr</u>, the court affirmed the dismissal

of the Federal criminal statute's claim because the statute in question "[a]re

not criminal offenses for which there is no civil remedy and therefore [plaintiff]

lacked standing to bring them; (See; paragraph 17 above)(also see section A above).

40).   The plaintiff(s) have also brought their cause of action under 28 U.S.C

§1367 giving the Court jurisdiction over [state law[ and [common law fraud] claims.

However, as detailed in paragraph 13 through 23 above, the plaintiff(s) lack

standing due to the fact that plaintiff(s) have failed to file their cause of

action within the four÷year statute of limitation under Texas Cvil Practice &

Remedies Code § 16.004 (Supp. 2000)(See; also section B, above).

<u>41</u>).   MILLER seeks to [mis]lead the District Court by falsely proffering

that "[B]RENDAN approached MILLER," as if it were a chance encounter in free

society.  When, in fact, MILLER and BRENDAN served, at the least, three (3) years

of their Federal criminal conviction at the same Federal Correctional Institute

in Beaumont, Texas, which encompasses the initiation of MILLER's alleged time-

---

Footnote 4:  See; Exhibit £, Civil Cover Sheet, VI – Cause of Action where it
              states:  "[c]ite the U.S. **civil** statute under which you are filing."
              The only statutes cited are criminal – i.e., 18 U.S.C. § 1343, 18
              U.S.C. § 1348, and 18 U.S.C. § 1349; also see; Venue and Jurisdiction,
              at ¶1 though ¶3, in Documents 1 and 6.

line of events.  Plaintiff MILLER in filing the cause of action, has [conceded] that he – himself – has clearly violated BOP's rules and procedures and the provisions of his supervised release by having contact with known convicted felons, conducting business with known convicted felons without consent, and entering into an "Investment Agreement" with the same convicted felon, also without written consent; (See; section C, above).

42).   In addition, in [mis]leading the Court in regards to HAMILTON's activities, the state of Texas had forfeited HAMILTON's charter on January 28, 2011.  The Plaintiff(s) (i.e., STOKES) alleged that he entered into an "Investment Agree-ment" with BRENDAN in October of 2010; (See; Amended Complaint, Doc. 6 at ¶42). STOKES made a final monetary funding in **December of 2011**.  This was a year (12 months) after HAMILTON "closed its doors" and dissolved.  Plaintiff(s) conceded that HAMILTON went out of business "sometime in 2011" but wants the Court to believe that this was **after** receiving STOKES final funding.

43).   Beyond all the false allegations of the plaintiff(s), one issue remains irrefutable: The plaintiff(s) have failed to proved a factual claim that defend-ant DALTON was a "principal" of any registered entity including that of the LLC – HAMILTON.  Furthermore, record evidence demonstrates two facts: (1) DALTON was in Federal custody long before HAMILTON was formed (See; Exhibit A) and (2) DALTON was not a "principal" of HAMILTON in any of HAMILTON's required filings; (See; Exhibit C).  In addition, DALTON's record evidence demonstrates that during the entire time the plaintiff(s) allegations were said to have occurred, DALTON has been in continuous custody of the BOP.  Lastly, the plaintiff(s) have failed to make a factual claim that DALTON (individually) received [ANY] funds or compensation, they only allege that BRENDAN, himself, received the funding.

44).The stated allegations are that BRENDAN received funds from plaintiff(s); only BRENDAN communicated with the plaintiff(s); and they entered into an

-17-

"Investment Agreement" with ATLAS based on BRENDAN's business plan.  With reference to HAMILTON, plaintiff(s) only allege that it was BRENDAN who "blamed" TONYA - (HAMILTON's only principal) for the misconduct.  Nevertheless, record evidence demonstrates that DALTON was [**NOT**] a "principal" in any capacity, of HAMILTON and therefore DALTON (individually) **CAN NOT** be held responsible or liable for HAMILTON's alleged activities on the basis of law or fact.

45).     Further still, MILLER was convicted of a financial crime and sentenced by this very Court.  The delayed filing of his action is a poorly veiled and calculated attempt to circumvent the rules and restrictions of his imposed period of supervised release.  MILLER, fully aware that his unauthorized business activities with a convicted felon (i.e., BRENDAN) were a clear violation of the conditions of his supervised release, knew that if his clandestine dealings were revealed to his probation officer he ran the very real risk of having his supervised release revoked and being remanded back to the custody of the BOP. Therefore, this Court, of all courts, should not reward the temerity of his deceptive conduct by providing forum for his fact deprived and frivolous lawsuit.

## VI: CONCLUSION

46).    The plaintiff(s) have essentially filed an untimely and baseless narritive which is devoid of evidence and punctuated by conjecture, supposition, and unfounded allegations.  Consequently, and for all the reasons previously cited above, defendant DALTON (individually) is not liable for any misconduct allegedly perpetrated by either BRENDAN, ATLAS, or HAMILTON becuse he (individ- ually) was not a party to any contract or agreement among the plaintiff(s); he did not receive plaintiff(s) funds; and he was not a "principal" of any entity involved in the Complaint.

Respectfuly submitted on this the 25th day of July, 2014 by and for

DALTON MENZIES

Signature: _____

Dalton Menzies, Pro'Se
Reg. No. 16540-179
F.C.I. Big Spring
1900 Simler Avenue
Big Spring, TX   79720

## DECLARATION

I, DALTON MENZIES, under the pains and penalties of perjury (28 U.S.C. 1746) certify that the facts and case citations contained in this "Answer" are true and correct to my own personal knowledge.

Signature: _____

Dalton Menzies

CERTIFICATE OF SERVICE

I, DALTON MENZIES, hereby certify that I have placed a true and correct copy of the above-styled motion (i.e., <u>Defendant Dalton Menzies' Answer to Complaint</u>) and mailed said motion to the U.S. District Court and the Plaintiff. All party(s) of records will receive notice of the filing through the United States District Court's electronic data base.  This motion ("answer") was delivered to prison authorities for forwarding on this the 25th day of July, 2014 which is deemed filed with the Court at that time; (See; <u>Houston Vs. Lack,</u> 101 L. Ed. 266 (1988).

Signature: _____

Dalton Menzies, Pro Se
Reg. No. 16540-179
F.C.I. Big Spring
1900 Simler Avenue
Big Spring, TX  79720

The Plaintiff(s) are as follows:

Sent by Certified Mail
7012 2920 0002 2714 3582
Mr. David S. Grantham
Attorney at Law
Attorney Service of Lousiana, Inc.
18601 LBJ Freeway, Suite 725
Mesquite, TX   75150

Civil Action No. A-14-cv-0568-SS

Defendant Dalton Menzies' Answer

---

**EXHIBIT A**

---

```
  BIGFA  540*23 *          SENTENCE MONITORING       *      07-16-2014
PAGE 004 OF 004 *          COMPUTATION DATA          *      15:14:34
                             AS OF 01-20-2012
```

REGNO..: 16540-179 NAME: MENZIES, DALTON CHRISTIA


--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-11-2011 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-15-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 11-01-2005
TOTAL TERM IN EFFECT............:   90 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS        6 MONTHS
EARLIEST DATE OF OFFENSE........: 12-09-2004

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    12-09-2004     10-31-2005

TOTAL PRIOR CREDIT TIME.........: 327
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 139
TOTAL GCT EARNED................: 139
STATUTORY RELEASE DATE PROJECTED: 01-20-2012
EXPIRATION FULL TERM DATE.......: 06-07-2012
TIME SERVED.....................:    7 YEARS       1 MONTHS      12 DAYS
PERCENTAGE OF FULL TERM SERVED..: 94.9

ACTUAL SATISFACTION DATE........: 01-20-2012
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: CHN
ACTUAL SATISFACTION KEYED BY....: LMH

DAYS REMAINING..................: 139
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: 04/15/08 CERTIFIED COMP/RCJ/B




G0000       TRANSACTION SUCCESSFULLY COMPLETED

                                            DALTON's ANSWER
                                            EXHIBIT A, p.1

```
BIGFA  540*23 *              SENTENCE MONITORING        *     07-16-2014
PAGE 003          *          COMPUTATION DATA           *     15:14:34
                             AS OF 01-20-2012
```

REGNO..: 16540-179 NAME: MENZIES, DALTON CHRISTIA

```
FBI NO...........: 313448KA4          DATE OF BIRTH: 03-31-1966  AGE:  48
ARS1.............: BIG/A-DES
UNIT.............: SUNSET               QUARTERS.....: S03-064U
DETAINERS........: NO                   NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 07-20-2011

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  01-20-2012 VIA GCT REL

REMARKS........: RELEASE AUDIT COMPLETED ON 01-12-2011 BY DSCC

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: TEXAS, SOUTHERN DISTRICT
DOCKET NUMBER...................: 4:05CR00008-001
JUDGE...........................: HITTNER
DATE SENTENCED/PROBATION IMPOSED: 11-01-2005
DATE COMMITTED..................: 01-27-2006
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                     FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:      $100.00        $00.00          $00.00       $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  391
OFF/CHG: CONSPIRACY TO POSSESS WITH INTENT TO DISTSRIBUTE N-<>
         BENZYLPIPERAZINE (BZP) 21USC 841(A)(1), 841()B(1)(C) & 846

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  90 MONTHS
 TERM OF SUPERVISION............:   3 YEARS
 DATE OF OFFENSE................: 12-09-2004
```

G0002        MORE PAGES TO FOLLOW . . .

**DALTON's ANSWER**
**EXHIBIT A, p. 2**

```
BIGFA   540*23 *              SENTENCE MONITORING           *        07-16-2014
PAGE 002           *          COMPUTATION DATA              *        15:14:34
                              AS OF 07-16-2014


REGNO..: 16540-179 NAME: MENZIES, DALTON CHRISTIA



------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 09-20-2013 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-20-2013 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010


DATE COMPUTATION BEGAN..........: 07-29-2013
TOTAL TERM IN EFFECT............:    46 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS        10 MONTHS
EARLIEST DATE OF OFFENSE........: 07-31-2010

JAIL CREDIT.....................:    FROM DATE       THRU DATE
                                    01-21-2012      07-28-2013


TOTAL PRIOR CREDIT TIME.........: 555
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 180
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 05-24-2015
EXPIRATION FULL TERM DATE.......: 11-20-2015
TIME SERVED.....................:     2 YEARS         5 MONTHS        25 DAYS
PERCENTAGE OF FULL TERM SERVED..: 64.8


PROJECTED SATISFACTION DATE.....: 05-24-2015
PROJECTED SATISFACTION METHOD...: GCT REL








G0002        MORE PAGES TO FOLLOW . . .
```

**DALTON's ANSWER**
**EXHIBIT A, p. 3**

Civil Action No. A-14-cv-0568-SS

Defendant Dalton Menzies' Answer

**EXHIBIT B**

UNITED STATES OF AMERICA, Plaintiff-Appellee v. STEPHEN P. MILLER, Defendant-Appellant
UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
520 F.3d 504; 2008 U.S. App. LEXIS 5745; 2008-1 U.S. Tax Cas. (CCH) P50,237; 101 A.F.T.R.2d
(RIA) 1305
No. 06-11078
March 18, 2008, Filed

**Editorial Information: Subsequent History**

US Supreme Court certiorari denied by Miller v. United States, 129 S. Ct. 185, 172 L. Ed. 2d 131, 2008 U.S. LEXIS 7428 (U.S., 2008)Magistrate's recommendation at, Post-conviction proceeding at Miller v. United States, 2009 U.S. Dist. LEXIS 75213 (N.D. Tex., Aug. 7, 2009)

**Editorial Information: Prior History**

Appeal from the United States District Court for the Northern District of Texas.

**Counsel**          For UNITED STATES OF AMERICA, Plaintiff - Appellee: Vicki H Lamberson, Assistant US Attorney, US Attorney's Office, Northern District of Texas, Amarillo, TX; Marc Woodson Barta, US Attorney's Office, Northern District of Texas, Dallas, TX; Nancy E Larson, Assistant US Attorney, Nancy E Larson, Assistant US Attorney, US Attorney's Office, Northern District of Texas, Fort Worth, TX.
For STEPHEN MILLER, Defendant - Appellant: Charles Howard Portz, Portz & Portz, Houston, TX.

**Judges:** Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant appealed a judgment of conviction entered by the United States District Court for the Northern District of Texas after a jury found defendant guilty of tax evasion in violation of 26 U.S.C.S. § 7201.There was sufficient evidence to prove defendant guilty of tax evasion under 26 U.S.C.S. § 7201 because when he submitted an offer of compromise to the IRS stating that there were no available assets, he believed that he had one million dollars put away overseas and willfulness was shown by admissions in recorded calls and statements made to IRS.

**OVERVIEW:** Defendant transferred an individual retirement account to a shell company under the guise of repaying a loan. He then made an offer in compromise to the Internal Revenue Service (IRS) to settle tax liabilities stating that there were no available assets except for a minimal amount and not revealing that he believed that he had over one million dollars overseas. Defendant challenged the sufficiency of the evidence, evidentiary rulings, and alleged Brady error. He also contended that the indictment was duplicitous. On review, the court affirmed, finding no reversible error. There was sufficient evidence to prove a violation of § 7201 and for the jury to conclude that when defendant submitted the offer to the IRS, he believed that he had one million dollars put away overseas. The government introduced sufficient evidence to support a finding of wilfulness including admissions made by defendant during a recorded phone call, statements made to the IRS, and other documentary evidence. Further, any errors made in evidentiary rulings were harmless because the evidence of guilt was substantial and the jury's determination would not have been affected.

**OUTCOME:** The court affirmed defendant's conviction.

A05_11CS

BALTON's ANSWER
EXHIBIT B, p. 1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Civil Action No. A-14-cv-0568-SS

Defendant Dalton Menzies' Answer

## EXHIBIT C

https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?spage=bece&Spagefrom=&c5&filing_number=&01100B6956&Ndocument_number=5530167700035Npg=current=1&Nonder_item_type_id=10

# TEXAS SECRETARY OF STATE

## NANDITA BERRY

UCC  Business Organizations  Trademarks  Notary  Account  HelpFee  Briefcase  Logout

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | |
|---|---|
| Filing Number: | 801008695 |
| Original Date of Filing: | July 25, 2008 |
| Formation Date: | N/A |
| Tax ID: | 32037584879 |
| Duration: | Perpetual |
| Name: | Hamilton Commodities Group, LLC |
| Address: | 1420 MARINA BAY DR APT 718  Kemah, TX 77565-2279 USA |

| | |
|---|---|
| Entity Type: | Domestic Limited Liability Company (LLC) |
| Entity Status: | Forfeited existence |
| FEIN: | |

**FILING HISTORY**

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 222521735042 | Certificate of Formation | July 25, 2008 | July 25, 2008 | No | 1 |
| | 356479250011 | Public Information Report (PIR) | December 31, 2009 | July 31, 2010 | No | 1 |
| | 356414010021 | Public Information Report (PIR) | December 31, 2010 | October 24, 2010 | No | 1 |
| | 362885116154 | Tax Forfeiture | January 26, 2011 | January 26, 2011 | No | 1 |
| | 374140050021 | Reversal of Tax Forfeiture | June 26, 2011 | June 26, 2011 | No | 1 |
| | 419572066058 | Change of Name or Address by Registered Agent | March 26, 2012 | March 26, 2012 | No | 1 |
| | 445237728051 | Tax Forfeiture | February 6, 2013 | February 6, 2013 | No | 1 |

[ Order ]     [ Return to Search ]

**Instructions:**
* To place an order for additional information about a filing press the 'Order' button.

DALTON's ANSWER
EXHIBIT C p. 1

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300



**Certificate of Formation
Limited Liability Company**

Filed in the Office of the
Secretary of State of Texas
Filing #: 801008695 07/25/2008
Document #: 223522120002
Image Generated Electronically
for Web Filing

## Article 1 » Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

**Hamilton Commodities Group, LLC**

The name of the entity must contain the words "Limited Liability Company" or "Limited Company," or an accepted abbreviation of such terms. The name must not be the same as, deceptively similar to or similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for "name availability" is recommended.

## Article 2 » Registered Agent and Registered Office

☑A. The initial registered agent is an organization (cannot be company named above) by the name of:

**National Registered Agents, Inc.**

OR

☐B. The initial registered agent is an individual resident of the state whose name is set forth below:

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**16055 Space Center, Suite 235   Houston  TX 77062**

## Article 3 » Governing Authority

☐A. The limited liability company is to be managed by managers.

OR

☑B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Managing Member 1: **Tonya   R.  Menzies**       Title: **Managing Member**

Address: **5090 Richmone Ave. #241   Houston  TX, USA  77056**

## Article 4 » Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

## Supplemental Provisions / Information

[The attached addendum, if any, is incorporated herein by reference.]

DALTON's ANSWER
EXHIBIT ·C  p. 2

## Organizer

The name and address of the organizer are set forth below.

Tania Lemus        7083 Hollywood Blvd., Ste. 180, Los Angeles, CA 90028

**Effectiveness of Filing**

☑ A. This document becomes effective when the document is filed by the secretary of state.

OR

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Execution**

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

Tania Lemus, Legalzoom.com, Inc.

Signature of Organizer

FILING OFFICE COPY

DALTON's ANSWER
EXHIBIT C p. 3

00005948815

# TEXAS FRANCHISE TAX PUBLIC INFORMATION REPORT

*To be filed by Corporations, Limited Liability Companies (LLC) and Financial institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

Comptroller 05-102
of Public
Accounts (9-09/29)
FORM

☐ Tcode 13196

☑ Taxpayer number
**3 2 0 3 7 5 9 4 8 7 9**

☐ Report year
**2 0 0 9**

You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at: (512) 463-4600, or (800) 252-1381, toll free nationwide.

Taxpayer name
**HAMILTON COMMODITITES GROUP LLC**

Mailing address
**2600 SOUTH SHORE BLVD., SUITE 300**

| City | State | ZIP Code | Plus 4 | Secretary of State file number or Comptroller file number |
|---|---|---|---|---|
| **LEAGUE CITY** | **TX** | **77573** | **2944** | **801008695** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**2600 SOUTH SHORE BLVD., SUITE 300; LEAGUE CITY, TEXAS 77573**

Principal place of business
**SAME**

*Please sign below!*

Officer, director and member information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or members change throughout the year.

3203759487909

**SECTION A** Name, title and mailing address of each officer, director or member.

| Name | Title | Director | | Term expiration | m m | d d | y | y |
|---|---|---|---|---|---|---|---|---|
| | | ○ YES | | | | | | |
| Mailing address | City | | State | | ZIP code | | | |
| Name | Title | Director ○ YES | | Term expiration | m m | d d | y | y |
| Mailing address | City | | State | | ZIP code | | | |
| Name | Title | Director ○ YES | | Term expiration | m m | d d | y | y |
| Mailing address | City | | State | | ZIP code | | | |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of ten percent (10%) or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of ten percent (10%) or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|

Registered agent and registered office currently on file. *(See instructions if you need to make changes)*

○ Blacken circle if you need forms to change the registered agent or registered office information.

Agent: **NRAI**

| Office: **16055 SPACE CENTER, SUITE 235** | City **HOUSTON** | State **TX** | ZIP Code **77062** |
|---|---|---|---|

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or member and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here | Title **PRESIDENT** | Date **3/31/10** | Area code and phone number **(832) 266 - 7779** |
|---|---|---|---|

Texas Comptroller Official Use Only

| | VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|---|

DALTON's ANSWER
EXHIBIT C p. 4

00005948814

Filing Number: 801008695

## TEXAS FRANCHISE TAX PUBLIC INFORMATION REPORT

Comptroller 05-102
of Public (9-09/29)
Accounts
FORM

☒ Tcode 13196

*To be filed by Corporations and Limited Liability Companies (LLC) and Financial Institutions*
*This report MUST be signed and filed to satisfy franchise tax requirements*

☒ Taxpayer number

| 3 | 2 | 0 | 3 | 7 | 5 | 9 | 4 | 8 | 7 | 9 |

☒ Report year

| 2 | 0 | 1 | 0 |

You have certain rights under Chapter 552 and 559, Government Code,
to review, request, and correct information we have on file about you.
Contact us at: (512) 463-4600, or (800) 252-1381, toll free nationwide.

Taxpayer name
**Hamilton Commodities Group LLC**

Mailing address
**2600 South Shore Blvd., Suite 300**

| City | State | ZIP Code | Plus 4 |
|---|---|---|---|
| **League City** | **TX** | **77573** | **2944** |

Secretary of State file number or
Comptroller file number
**801008695**

⊕ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**2600 South Shore Blvd., Suite 300; League City, TX. 77573**

Principal place of business
**same**

*Please sign below!*

Officer, director and member information is reported as of the date a Public Information
Report is completed. The information is updated annually as part of the franchise tax
report. There is no requirement or procedure for supplementing the information as
officers, directors, or members change throughout the year.

3203759487909

**SECTION A**   Name, title and mailing address of each officer, director or member.

| Name | Title | Director | | m m d d y y |
|---|---|---|---|---|
| | | ○ YES | Term expiration | |
| Mailing address | City | State | | ZIP code |
| Name | Title | Director | | m m d d y y |
| | | ○ YES | Term expiration | |
| Mailing address | City | State | | ZIP code |
| Name | Title | Director | | m m d d y y |
| | | ○ YES | Term expiration | |
| Mailing address | City | State | | ZIP code |

**SECTION B**   Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of ten percent (10%) or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |

**SECTION C**   Enter the information required for each corporation or LLC, if any, that owns an interest of ten percent (10%) or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|

Registered agent and registered office currently on file. *(See instructions if you need to make changes)*   ○ Blacken circle if you need forms to change
the registered agent or registered office information.

Agent: *NRAI*

Office: *16055 Space Center Ste 235*   City *Houston*   State *TX*   ZIP Code *77062*

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and in any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or member and who is not currently employed by this, or a related, corporation or limited liability company.

sign here ▶ *[signature]*

| Title | Date | Area code and phone number |
|---|---|---|
| **President** | *3/31/10* | ( **888** ) **671 - 5550** |

Texas Comptroller of Public Accounts Use only

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|



DALTON's ANSWER
EXHIBIT C   p. 5



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Hope Andrade
Secretary of State

## Forfeiture pursuant to Section 171.309 of the Texas Tax Code
## of
## Hamilton Commodities Group, LLC

File Number :  801008695                Certificate / Charter forfeited :   January 28, 2011

The Secretary of State finds that:

1. The Secretary has received certification from the Comptroller of Public Accounts under Section 171.302 of the Texas Tax Code indicating that there are grounds for the forfeiture of the taxable entity's charter, certificate or registration; and

2. The Comptroller of Public Accounts has determined that the taxable entity has not revived its forfeited privileges within 120 days after the date that the privileges were forfeited.

Therefore, pursuant to Section 171.309 of the Texas Tax Code, the Secretary of State hereby forfeits the charter, certificate or registration of the taxable entity as of the date noted above and records this notice of forfeiture in the permanent files and records of the entity.



Hope Andrade
Secretary of State

DALTON's ANSWER
EXHIBIT C p. 6

Civil Action No. A-14-cv-0568-SS


Defendant Dalton Menzies' Answer


**EXHIBIT D**

⬡ BUSINESS ORGANIZATION ×

← → C ⚙ 🔒 https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-entity.asp?spage=cpoc&cSpageFrom=&nFilingFrom=&nFiling_number=801115991&nDocument_number=5520167700202&cNgcurrent=1&nOrder_item_type_id=10

TEXAS SECRETARY of STATE
NANDITA BERRY

Business Organizations · TradeNames · Notary · Account · NewFees · UndSac · Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | |
|---|---|
| Filing Number: | 801115991 |
| | Entity Type: Domestic Limited Liability Company (LLC) |
| Original Date of Filing: | November 19, 2009 |
| | Entity Status: Forfeited existence |
| Formation Date: | N/A |
| Tax ID: | 32040709191 |
| | FEIN: |
| Duration: | Perpetual |

Name: Atlas IP Holdings, LLC
Address: 9337 COPPER LANE
WEST JORDAN, UT 84088 USA

**REGISTERED AGENT · FILING HISTORY · NAMES · MANAGEMENT · ASSUMED NAMES · ASSOCIATED ENTITIES**

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 22511073064242 | Certificate of Formation | November 19, 2009 | November 19, 2009 | No | 1 |
| | 324552700001 | Public Information Report (PIR) | October 31, 2010 | November 24, 2010 | No | 1 |
| | 472224779156 | Tax Forfeiture | July 27, 2012 | July 27, 2012 | No | 1 |
| | 441241636001 | Public Information Report (PIR) | December 31, 2012 | August 31, 2012 | No | 1 |

[ Order ]  [ Return to Search ]

Instructions:
☞ To place an order for additional information about a filing press the "Order" button.

DALTON's ANSWER
EXHIBIT D, p. 1



Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300

**Certificate of Formation**
**Limited Liability Company**

Filed in the Office of the
Secretary of State of Texas
Filing #: 801195991 11/19/2009
Document #: 285119780002
Image Generated Electronically
for Web Filing

## Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

**Atlas IP Holdings, LLC**

The name of the entity must contain the words "Limited Liability Company" or "Limited Company," or an accepted abbreviation of such terms. The name must not be the same as, deceptively similar to or similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for "name availability" is recommended.

## Article 2 - Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

**OR**

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

Name:
**Michelle Louise Worthington**

C. The business address of the registered agent and the registered office address is:

Street Address:
**402 Village LN    Buda TX 78610**

## Article 3 - Governing Authority

☐ A. The limited liability company is to be managed by managers.

**OR**

☑ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Managing Member 1: **Michelle  Louise  Worthington**          Title: **Managing Member**

Address: **402 Village Lane    Buda TX, USA 78610**

Managing Member 2: **Brendan   J  Worthington**          Title: **Managing Member**

Address: **402 Village Lane    Buda TX, USA 78610**

## Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

## Supplemental Provisions / Information

DALTON's ANSWER
EXHIBIT D, P. 2

[The attached addendum, if any, is incorporated herein by reference.]

| Organizer | | |
|---|---|---|
| The name and address of the organizer are set forth below. | | |
| **Michelle Worthington**          **402 Village Ln, Buda Texas 78610** | | |

| Effectiveness of Filing |
|---|
| ☐A. This document becomes effective when the document is filed by the secretary of state. |
| **OR** |
| ☑B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is: **November 20, 2009** |

| Execution |
|---|
| The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument. |
| **Michelle Worthington** |
| Signature of Organizer |

FILING OFFICE COPY

DALTON's ANSWER
EXHIBIT D, P. 3

00007283766                                           Filing Number: 801195991

TX2010
Ver. 1.0 05-102
        (9-09/29)

# TEXAS FRANCHISE TAX PUBLIC INFORMATION REPORT

*To be filed by Corporations, Limited Liability Companies (LLCS) and Financial Institutions*

**This report MUST be signed and filed to satisfy franchise tax requirements**

☒ Tcode 13196

| ▶ Taxpayer number | ▶ Report year | **You have certain rights** under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at: (512) 463-4600, or (800) 252-1381, toll free nationwide. |
|---|---|---|
| 32040709191 | 2010 | |

Taxpayer name
**Atlas IP Holdings, LLC**

Mailing address
**402 Village Lane**

| City | State | ZIP Code | Plus 4 | Secretary of State file number or Comptroller file number |
|---|---|---|---|---|
| **Buda** | **TX** | **78610** | | **801195991** |

☐ Check box if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**402 Village Lane, Buda, TX 78610**

Principal place of business
**402 Village Lane, Buda, TX 78610**

**Please sign below!**  Officer, director, and member information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or members change throughout the year.

3204070919110

## SECTION A   Name, title and mailing address of each officer, director or member.

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| **Michelle Louise Worthington** | **MBR** | ☐ Yes | | |
| Mailing address **402 Village Ln** | City **Buda** | State **TX** | ZIP Code **78610** | |

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| | | ☐ Yes | | |
| Mailing address | City | State | ZIP Code | |

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| | | ☐ Yes | | |
| Mailing address | City | State | ZIP Code | |

## SECTION B   Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of ten percent (10%) or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|
| | | | |
| | | | |

## SECTION C   Enter the information required for each corporation or LLC, if any, that owns an interest of ten percent (10%) or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file. *(See instructions if you need to make changes)*     ☐ Check box if you need forms to change the registered agent or registered office information.

Agent:  **Michelle Louise Worthington**

| Office: **402 Village Ln** | City **Buda** | State **TX** | ZIP Code **78610** |
|---|---|---|---|

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or member and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ▶ *Michelle L Worthington* | Title **LLC Manager** | Date **7/17/10** | Area code and phone number **512-659-0627** |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| | VE/DE | O | PIR IND | O | |
|---|---|---|---|---|---|



DALTON's ANSWER
EXHIBIT D, p. 4

00014000174

Filing Number: 801195991

**Texas Franchise Tax Public Information Report**

TX2012
Ver. 3.1

05-102
(Rev.9-11/30)

☒ Tcode  13196

*To be filed by Corporations, Limited Liability Companies (LLC) and Financial Institutions*

**This report MUST be signed and filed to satisfy franchise tax requirements**

☒ Taxpayer number
32040709191

☒ Report year
2012

*You have certain rights* under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381 or (512) 463-4600.

Taxpayer name
Atlas IP Holdings, LLC

Mailing address
9357 Copper Lane

City
West Jordan

State
UT

ZIP Code
84088

Plus 4

Secretary of State (SOS) file number or Comptroller file number
801195991

☐ Check box if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
9357 Copper Lane, West Jordan, UT 84088

Principal place of business
9357 Copper Lane, West Jordan, UT 84088

**Please sign below!** Officer, director and member information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or members change throughout the year.

3204070919112

**SECTION A**  Name, title and mailing address of each officer, director or member.

Name
Michelle Louise Worthington

Title
MBR

Director ☐ Yes

Term expiration

m m d d y y

Mailing address
9357 Copper Lane

City
West Jordan

State
UT

ZIP Code
84088

Name

Title

Director ☐ Yes

Term expiration

m m d d y y

Mailing address

City

State

ZIP Code

Name

Title

Director ☐ Yes

Term expiration

m m d d y y

Mailing address

City

State

ZIP Code

**SECTION B**  Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS number, if any | Percentage of ownership |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**SECTION C**  Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS number, if any | Percentage of ownership |
|---|---|---|---|
|  |  |  |  |

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*

☐ Check box if you need forms to change the registered agent or registered office information.

Agent:  Michelle Louise Worthington

Office:  402 Village Ln

City
Buda

State
TX

ZIP Code
78610

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or member and who is not currently employed by this, or a related, corporation or limited liability company.

sign here ► Micholle Worthington

Title  Partner

Date  7/26/12

Area code and phone number  (512) 659-0627

**Texas Comptroller Official Use Only**

VE/DE ○   PIR IND ○

DALTON's ANSWER
EXHIBIT D, p. 5

1032



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Hope Andrade
Secretary of State

## Forfeiture pursuant to Section 171.309 of the Texas Tax Code
## of
## Atlas IP Holdings, LLC

File Number : 801195991          Certificate / Charter forfeited :   July 27, 2012

The Secretary of State finds that:

1.  The Secretary has received certification from the Comptroller of Public Accounts under Section 171.302 of the Texas Tax Code indicating that there are grounds for the forfeiture of the taxable entity's charter, certificate or registration; and

2.  The Comptroller of Public Accounts has determined that the taxable entity has not revived its forfeited privileges within 120 days after the date that the privileges were forfeited.

Therefore, pursuant to Section 171.309 of the Texas Tax Code, the Secretary of State hereby forfeits the charter, certificate or registration of the taxable entity as of the date noted above and records this notice of forfeiture in the permanent files and records of the entity.



Hope Andrade
Secretary of State

DALTON's ANSWER
EXHIBIT D, p. 6

Come visit us on the Internet @http://www.sos.state.tx.us/

(512) 463-5555          FAX (512) 463-5709          TTY 7-1-1

Civil Action No. A-14-cv-0568-SS


Defendant Dalton Menzies' Answer


**EXHIBIT E**

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brownsville Emergency Physicians Group, LLC and Miller, Stephen P | Worthington, Brendan J  individually and d/b/a Atlas IP Holdings, LLC; Menzies, Dalton C individually and d/b/a Hamilton Commodities; Crowell, Ralph E individually and d/b/a Glines & Rhodes, Inc.; |

**(b)** County of Residence of First Listed Plaintiff   Pima County, Arizona
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hays County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Attorney Service of Louisiana, Inc.
18601 LBJ Freeway, Suite 725
Mesquite, TX 75150

Attorneys *(If Known)*

A14CV0568  SS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC Sections 1343, 1348 and 1349

Brief description of cause:
Defendants, among other tortious acts, used the streams of interstate commerce to commit commodities fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
29,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/17/2014

SIGNATURE OF ATTORNEY OF RECORD
David S. Abraham

FOR OFFICE USE ONLY

RECEIPT # 10043427   AMOUNT  $400⁰⁰   APPLYING IFP   JUDGE Sparks

DALTON's ANSWER
EXHIBIT E, p. 1

☐ Print   ☐ Save As...