

OCT 8 - 2014
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY__________ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**BROWNSVILLE EMERGENCY PHYSICIANS GROUP, LLC, STEPHEN MILLER, HARRY STOKES,**
**Plaintiffs,**

**A-14-CA-00568-SS**

**-vs-**

**ATLAS IP HOLDINGS, LLC, *et al.***
**Defendants.**

**ORDER**

BE IT REMEMBERED on this day the Court re-reviewed and then reviewed again the file in the above-styled cause. Thereafter, the Court called the District Clerk's Office in an effort to interject some sanity in all of the pleadings that are conflicting and are filed in this lawsuit. There are allegedly twenty-seven different defendants sued in the fourth complaint filed, and multiple defendants who have been served have now filed motions to dismiss because there are no individual factual allegations against them but merely vague allegations against "the defendants," which, of course, is insufficient pleading under present law to keep any individual defendant in the lawsuit. Plaintiffs' counsel now has pending a Motion for Preliminary Injunction [#35]; Motion for Continuance on Submission of Proposed Scheduling Order [#55]; and Motion for Alternate Service [#56]. Plaintiffs' Motion for Alternate Service is based upon an affidavit of Christiane Raynor, which has not been filed. The undersigned's clerk, who has a long history of competence with the ability of communication to lawyers and laypersons alike, indicates that she has talked with Mr. Grantham and persons in his law office on too many

occasions regarding this lawsuit and the problems Mr. Grantham is having are exacerbated by his not following her suggestions and instructions.

This lawsuit was filed on June 17, 2014 and has not progressed at all. Apparently, defendants who have been served are either representing themselves pro se or with lawyers who cannot ascertain from pleadings any specific factual allegation made against each of the defendants and, more specifically, their own clients. It is strongly suggested that Mr. Grantham obtain the services of an experienced trial lawyer in federal court to assist him in proceeding in this case. However, in the interim, the Court enters the following orders:

IT IS ORDERED the Motion for Alternative Service [#56] filed October 5, 2014 is DISMISSED as it does not contain sufficient information on specific defendants as to why they are not served or how they are to be served with sufficient basis to order substituted service, not *alternate* service.

IT IS ORDERED the Motion for Continuance on Submission of Proposed Scheduling Order [#55] is DISMISSED as there are not enough defendants who have been served and filed responsive pleadings other than motions to dismiss, and therefore, there is no need for a scheduling order at this point.

IT IS FURTHER ORDERED the defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss [#44] is GRANTED as there are no specific factual allegations against this defendant whereby this defendant is put on notice as to what it is being sued for and why.

IT IS FURTHER ORDERED the defendants Ralph Crowell and Glines & Rhodes, Inc.'s Opposed Motion for Extension of Time to Answer or Otherwise Plead [#40] is GRANTED, and these defendants have until October 29, 2014 to file an answer

or otherwise respond to the Third Amended Original Complaint involved in their service of process. However, these defendants have also filed a Motion to Dismiss the Third Amended Complaint [#48] and, like JP Morgan Chase Bank, N.A., complain of no specific factual allegations against these defendants to alert them as to what they are being sued for and why. Plaintiffs' counsel still has time to respond to the Motion to Dismiss.

The defendants John L. Elias and John L. Elias & Associates [#61] have filed a Motion to Dismiss the Third Amended Complaint that is not ripe, also complaining there are no specific allegations as to these defendants to satisfy the federal rules of pleading and no specific factual allegations to put them on notice as to what they are being accused of and why.

IT IS ORDERED defendant Matthew Cole's Unopposed Motion to Extend Time to Answer [#43] is GRANTED, and defendant Cole has until October 9, 2014 to answer or otherwise respond to the complaint.

The defendant Dalton Menzies, appearing pro se, requests an extension of time to seek discovery [#52], which is clearly GRANTED as it does not appear the majority of the defendants allegedly sued in these four complaints have filed responsive pleadings other than motions to dismiss.

Finally, IT IS ORDERED that the Motion for Preliminary Injunction [#35] is DISMISSED as the Third Amended Complaint does not specify factual allegations against individual defendants putting them on notice for any alleged preliminary injunction or otherwise, and the Court does not intend on acting on any application for preliminary injunction until it knows what this lawsuit is about, what the defendants are

specifically being sued for, and plaintiffs' counsel or office stops calling the Clerk's Office and then failing to follow through with the Clerk's instructions.

SIGNED this the 8th day of October 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE